IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

REI DRILLING, INC.,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:17-04170

RESURRECTION COAL COMPANY, INC.,

    Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is plaintiff's motion for entry of default judgment. ECF No. 8.  For reasons more fully expressed below, the court **GRANTS** plaintiff's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This is a contract action.  In September and October 2012, Plaintiff, REI Drilling, Inc. performed drilling and related services on Resurrection Coal Mine #2 located in Bartley, West Virginia pursuant to an agreement with the defendant, Resurrection Coal Company, Inc.  <u>See</u> Complaint, pp. 1-2.  The terms of the parties' agreement are contained in a Contract Purchase Order dated June 5, 2012.  <u>See</u> <u>id.</u>, Ex. A.  After performing the services requested by Resurrection Coal, REI sent the defendant an invoice for $116,129.52.  <u>See</u> <u>id.</u>, Ex. B. Between May 6, 2013 and May 6, 2014, REI states Resurrection Coal made 10 payments in the amount of $32,373.18.  Despite REI's demands, Resurrection Coal failed to make additional

payments on the outstanding balance of $83,756.34.  Id., pp. 2–3.

REI filed its Complaint on October 16, 2017.  Resurrection Coal failed to answer the Complaint and REI moved for an entry of default on January 11, 2018, (ECF No. 8), which the Clerk of this court entered the same day.  ECF No. 10.  The same motion also requested this court to enter a default judgment in the amount of $83,756.34, plus interest.  ECF No. 8.  Plaintiff attached two affidavits setting forth plaintiff's service, defendant's failure to respond, and an accounting of the sum certain of $83,756.34 owed.  See ECF Nos. 8-1, 8-2.

## II.  ANALYSIS

### A. Liability

Where service on a defendant is validly effected under Federal Rule of Civil Procedure 4, and the defendant chooses not to plead or otherwise defend itself in an action, all of the averments in the complaint except those relating to damages are deemed admitted.  See Fed. R. Civ. P. 8(b)(6); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Branch Banking & Trust Co. v. Fowler, 2005 U.S. Dist. LEXIS 3799, at *6 (W.D. Va. Mar. 3, 2005).

The entry of default judgment under Federal Rule of Civil Procedure 55 is left to the discretion of the court. SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D.Md. 2005). The Fourth Circuit Court of Appeals has a "strong policy" that "cases be decided on their merits." Id. (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)). Nevertheless, a default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party. Lawbaugh, 359 F. Supp. 2d at 421-22 (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In this case, Resurrection Coal was validly served pursuant to Federal Rule of Civil Procedure 4. See ECF Nos. 3-5. Resurrection Coal has failed to answer, defend or substantially appear in this action. Because Resurrection Coal has had ample notice of this pending lawsuit but has taken no meaningful action, granting plaintiff's motion for default judgment is appropriate. See Lawbaugh, 359 F. Supp. 2d at 422.

**B. Damages**

Federal Rule of Civil Procedure 54(c) provides some limitation on the court's discretion to enter default judgment: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. See

United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Courts, however, may award damages in situations in which they may be determined with certainty by reference to the pleadings and supporting documentation. James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

In the instant case, plaintiff submits the affidavit of Jeremy Mortensen, Chief Financial Officer of REI, subtracting the payments made by defendant from the amount owed under REI's invoice sent to Resurrection Coal. ECF Nos. 8-2; 1-2. Having reviewed plaintiff's motion and supporting materials, the court concludes that a hearing is not necessary to establish that plaintiff is entitled to the entry of default judgment in the amount of $83,756.34, plus post-judgment interest at the rate established by 28 U.S.C. § 1961(a).

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion for entry of default judgment (ECF No. 8) is hereby **GRANTED**. The Clerk is **DIRECTED** to remove this case from the court's active docket.

The Clerk is further directed to send copies of this Order to all counsel of record and to defendants.

**IT IS SO ORDERED** this 1st day of February, 2018.

ENTER:

David A. Faber
Senior United States District Judge